UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jean M. Silk,

        Plaintiff,

v.

Debra K. Hurst, General Manager,
Internal Revenue Service; and Internal
Revenue Service,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 06-3011 ADM/RLE

---

Jean M. Silk, *pro se*.

Martin M. Shoemaker, Esq. and Thomas M. Newman, Esq., United States Department of Justice, Washington, DC, on behalf of Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendants Debra K. Hurst ("Hurst") and Internal Revenue Service's ("IRS") Motion to Dismiss [Docket No. 2]. In her Complaint [Docket No. 1], Plaintiff Jean M. Silk ("Plaintiff") alleges that Defendants have illegally attempted to collect tax from her on what she claims is fictitious income. For the reasons set forth herein, Defendants' Motion to Dismiss is granted.

## II. BACKGROUND

Plaintiff resides in Superior, Wisconsin. Compl. at 1. She alleges she paid $869 in federal taxes on taxable income of $10,039 for the year 2003. Resp. to Mot. to Dismiss [Docket No. 8] at 1. Defendants, however, have notified Plaintiff that she owes approximately $27,000 in taxes for 2003. Compl. at 1. Plaintiff contends that Defendants arrived at this figure by attributing fictitious income to her, as part of a larger conspiracy to swindle and intimidate senior

citizens into paying taxes they do not owe.  Id. at 2.  Plaintiff seeks to enjoin Defendants from further attempts to collect additional taxes from her for the year 2003.[1]  Id.  Additionally, she seeks compensatory damages for stress and suffering, court costs, one million dollars in punitive damages, a letter of apology from Defendants, and a declaratory judgment that she owes no additional taxes for 2003.[2]  Id. at 4.

### III. DISCUSSION

**A.     Motion to Dismiss Standard**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.  Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party.  Ossman, 825 F. Supp. at 880.  "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."  Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

---

[1] Because Plaintiff is a *pro se* litigant, her pleadings are liberally construed.  See Rowe v. Union Planters Bank of Se. Mo., 289 F.3d 533, 535 (8th Cir. 2002).

[2] Hereinafter, Plaintiff's request for a letter of apology will be deemed part of her declaratory judgment request.

**B.      Venue**

As a postscript in their brief, Defendants note but do not elaborate on an argument that venue is improper since Plaintiff resides in Superior, Wisconsin, and has not alleged that her claims have any connection to the District of Minnesota.  See 28 U.S.C. § 1391(e).  This Court deems Defendants to have raised venue only in the alternative should their arguments on the merits fail.  Because Defendants prevail on the merits of their Motion to Dismiss, their venue argument will not be reached here, although it appears a motion to dismiss for improper venue would likely be granted.

**C.      Substitution of the United States as a Defendant**

Defendants argue that the United States is the only proper defendant in this case, and therefore both Hurst and the IRS should be dismissed.  Regarding Plaintiff's claims against Hurst, "the crucial question is whether the relief sought in a suit nominally addressed to the officer is relief against the sovereign."  Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 687 (1949).  "A suit against the sovereign is one where the judgment sought would expend the public treasury, restrain the government from acting, or compel it to act."  Coleman v. Espy, 986 F.2d 1184, 1189 (8th Cir. 1993).  Here, the Complaint seeks relief only against the United States.  No personal actions of Hurst are referred to.  Instead, Plaintiff seeks injunctive and monetary relief against the United States because of tax collection efforts by the IRS.  Such a judgment would "expend the public treasury [and] restrain the government from acting."  Id. Therefore, Plaintiff's claims against Debra Hurst are effectively claims against the United States. The United States will be substituted for Debra Hurst, and Defendants' Motion to Dismiss will be granted as to Plaintiff's claims against Debra Hurst.

Similarly, longstanding precedent supports Defendants' argument that the IRS cannot be sued in its own name because Congress has not authorized such a suit. See Blackmar v. Guerre, 342 U.S. 512, 514 (1952) (holding Civil Service Commission can not be sued in its own name without Congressional authorization). Thus, the United States will be substituted for the IRS, and Defendants' Motion to Dismiss will be granted regarding Plaintiff's claims against the IRS.

**D.     Claims Against the United States**

Defendants validly urge that Plaintiff's suit, recast as against the United States, must be dismissed because the United States has not waived its sovereign immunity as to any of Plaintiff's claims. Plaintiff's claim seeking injunctive relief against further tax collection efforts by the IRS is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." Since Plaintiff's claim seeking injunctive relief cannot meet any of the statutory or judicial exceptions, Plaintiff's claim for injunctive relief is dismissed.

Similarly, Congress has not waived the United States' immunity regarding Plaintiff's claims seeking damages. In essence, Plaintiff alleges that IRS employees have recklessly, intentionally, or negligently disregarded the Internal Revenue Code in their efforts to collect additional 2003 taxes from her. Although 26 U.S.C. § 7433 authorizes an individual aggrieved by such conduct to sue the United States for civil damages, the aggrieved individual must first exhaust her administrative remedies available within the IRS. 26 U.S.C. §§ 7433 (a)-(d). Here,

Plaintiff has not alleged that she exhausted those remedies.[3]  Therefore, Plaintiff's claims seeking damages based on IRS employees' collection activities must be dismissed since Congress's waiver of sovereign immunity against suits seeking damages does not apply in this case.

Plaintiff also requests a declaratory judgment that she does not owe additional taxes for the year 2003.  The Declaratory Judgment Act, 28 U.S.C. § 2201, generally does not apply in cases involving federal taxes.  28 U.S.C. § 2201(a).  Since this case does not fall under an exception to this rule, this Court has no power to grant the declaratory judgment Plaintiff seeks.  Plaintiff's request for declaratory judgment is dismissed.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 2] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

                      BY THE COURT:

                      s/Ann D. Montgomery
                      ANN D. MONTGOMERY
                      U.S. DISTRICT JUDGE

Dated:  October 27, 2006.

---

[3] Additionally, Defendants assert that Plaintiff requested a collection due process ("CDP") hearing before the IRS Office of Appeals, and that the CDP hearing has been stayed pending the outcome of this lawsuit.  Mem. in Supp. of Mot. to Dismiss [Docket No. 4] at 3 n.2.